IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RANDEE BLUM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13CV2461HEA |
| | ) | |
| MERRILL LYNCH, PIERCE, FENNER & | ) | |
| SMITH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Final Order of Remand or Judgment. On January 23, 2014, this Court held a hearing on Defendant's Motion to Vacate and Compel Arbitration. Defendants moved this Court to vacate a judgment entered by the Circuit Court of St. Louis County. In essence, Defendant asks this Court to review the judgment of the Circuit Court. Defendant argues that it is not seeking appellate review of the judgment since thirty days had not yet past making the judgment final under Missouri State Court rules.

> Under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism. Accord *Night Clubs, Inc. v. City of Fort Smith*, 163

F.3d 475 (8th Cir.1998). The motivating force behind *Younger* abstention is the promotion of comity between state and federal judicial bodies. See *Cedar Rapids Cellular*, 280 F.3d at 881. The *Younger* doctrine was originally applied to state criminal proceedings, see, e.g., *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), and later extended to civil cases. See, e.g., *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (child abuse litigation); *Trainor v. Hernandez*, 431 U.S. 434, 444, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (welfare fraud action); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 594, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (obscenity regulation).

In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), the Supreme Court identified several factors that should lead to abstention under *Younger*: (1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges. See also *Silverman v. Silverman*, 267 F.3d 788, 792 (8th Cir.2001).

*Aaron v. Target Corp.* 357 F.3d 768, 774 (.8th Cir. 2004). All of the *Younger* factors are present herein. Therefore, the Court concluded at the hearing that it would not exercise jurisdiction over this matter.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is remanded to the Circuit Court for St. Louis County, Missouri.

Dated this 9th day of April, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE